PEOPLE v RAMSEY

Docket No. 52102. Submitted May 8, 1981, at Grand Rapids.—Decided
    July 8, 1981.

Robert R. Ramsey was charged in Branch Circuit Court with
    escaping from an inmate resident home located in Branch
    County. He had been transferred from the Michigan state
    prison in Jackson County to the resident home program in
    Branch County. Defense counsel moved to quash the informa-
    tion on the basis of improper venue, claiming that the prosecu-
    tion must be brought in the county in which the administrative
    office of the prison or penal facility to which the prisoner was
    committed or transferred is located at the time of the escape
    and that the administrative office of the Michigan state prison
    is in Jackson County. The motion was denied, Thomas C.
    Megargle, J., and defendant was convicted of prison escape.
    Defendant appeals. *Held:*

    The term "administrative office" as used in the prison escape
    statute encompasses a county probation and parole officer's
    quarters when that individual possesses the defendant's re-
    cords, as was the case here. Venue was properly laid in Branch
    County.

    Affirmed.

CRIMINAL LAW — PRISONS AND PRISONERS — ESCAPE — WORDS AND
    PHRASES — ADMINISTRATIVE OFFICE — STATUTES.

    The term "administrative office" as used in the prison escape
    statute encompasses a county probation and parole officer's
    quarters when that individual possesses a defendant's record
    (MCL 750.193[1]; MSA 28.390[1]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John L. Livesay,*
Prosecuting Attorney, and *Leonard J. Malinowski,*
Assistant Attorney General, for the people.

REFERENCE FOR POINTS IN HEADNOTE
[1] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 1.

*J. Richard Colbeck,* for defendant on appeal.

Before: MacKENZIE, P.J., and R. B. BURNS and J. N. O'BRIEN,* JJ.

R. B. BURNS, J. Defendant was convicted by a jury in the circuit court of Branch County, Michigan, of prison escape, MCL 750.193; MSA 28.390.

Defendant was charged with escaping from an inmate resident home located in Branch County. Subsequent to the preliminary examination, defense counsel moved to quash the information, claiming improper venue. Defendant contended that proper venue was Jackson County, where the Michigan state prison is located.

The testimony of Warner Reed established that the defendant was transferred from the state prison to a resident home program in Branch County. Mr. Reed was the Branch County Circuit Court probation officer and a parole agent for the Department of Corrections. He supervised parolees, clients in the resident home program, and residents on the extended furlough program. Before the defendant arrived at the inmate resident home, the authorities in Jackson forwarded to Mr. Reed the defendant's presentence report, prison records, his basic information sheet, his photograph, and other similar items.

MCL 750.193(1); MSA 28.390(1) reads in part:

"A person imprisoned in a prison of this state who * * * escapes * * * is guilty of a felony, punishable by further imprisonment for not more than 5 years. * * * A prisoner who * * * escapes * * * shall be charged with that offense and tried in the courts of the county in which the administrative office of the prison or penal facility to which the prisoner was committed or transferred is located at the time of the * * * escape * * *."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In our opinion the term "administrative office" encompasses a county probation and parole officer's quarters when that individual possesses the defendant's records, as was the case here as indicated by Mr. Reed's testimony.

Affirmed.